# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

PAMELA LARAMIE, INDIVIDUALLY as  )
PERSONAL REPRESENTATIVE of the  )
ESTATE OF FRED R. LARAMIE,  )
                    )
     Plaintiff,  )  Case No. _____
                    )
v.  )
                    )
                    )
PHILIP MORRIS USA INC.,  )
                    )
     Defendant.  )

## NOTICE OF REMOVAL

Defendant Philip Morris USA Inc. ("PM USA") files this notice of removal from the Superior Court, Suffolk County, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I.  BACKGROUND

1.      On July 17, 2017, Plaintiff Pamela Laramie filed a Complaint and Jury Trial Demand in the Superior Court of Suffolk County, captioned *Laramie v. Philip Morris USA Inc.*, *et al.*, No. 1784-CV-02240-BLS1 (Mass. Super. Ct., Suffolk Cnty.).  *See* Compl. & Jury Trial Demand (**Ex. A**).  Plaintiff named as Defendants PM USA, Garber Brothers Inc., and Li'l Peach of Massachusetts, Inc.

2.      On February 26, 2018, Plaintiff filed her First Amended Complaint and Jury Trial Demand.  *See* 1st Am. Compl. & Jury Trial Demand (**Ex. B**).  The only amendment was to "allow for the substitution of 'Anticipated Personal Representative' to 'Personal Representative' and that Plaintiff be allowed to reflect the proper Plaintiff as Pamela Laramie, Individually and as Administrator of the Estate of Fred R. Laramie."  Order Allowing Plaintiff's Mot. for Leave to Am. the Compl. to Name the Proper Party (Feb. 26, 2018) (**Ex. C**).

3.      Plaintiff alleges that Decedent Fred Laramie smoked cigarettes manufactured by PM USA, and as a result developed lung cancer and died.  1st Am. Compl. ¶¶ 10, 13-14, 122-24, 129 (**Ex. B**).

4.      Both Plaintiff and Mr. Laramie are residents of the Commonwealth of Massachusetts for purposes of diversity jurisdiction.  *See id.* at ¶¶ 12-14 (**Ex. B**).

5.      PM USA is a Virginia corporation with its principal place of business in Richmond, Virginia.  *See  id.* at ¶ 16 (**Ex. B**).  Thus, PM USA is a citizen of Virginia for purposes of diversity jurisdiction.

6.      Plaintiff alleged in her complaint that Defendant Garber Bros., Inc. ("Garber Brothers") "is a Massachusetts corporation with its principal place of business at Route 139 & Kay Way, Stoughton, Massachusetts 02072."  *id.* at ¶ 18 (**Ex. B**).  Plaintiff also alleges that Garber Brothers was a distributor of "cigarettes to retailers throughout Massachusetts, including the retail stores set forth herein that regularly distributed defective and unreasonably dangerous cigarettes to Fred Laramie." *Id.*  But Garber Brothers filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Massachusetts on May 15, 2017 (Case No. 1:17-bk-11802) – approximately two months before this case was initiated – and the automatic stay therefore prevented Plaintiff from asserting claims against Garber Brothers.  *See* 11 U.S.C. § 362 (the automatic stay bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case"); *see also Amonte v. Amonte*, 17 Mass. App. Ct. 621, 623-24 (Mass. App. Ct. 1984) ("it is settled that proceedings in violation of the stay are void" (citations omitted)).  Because Garber Brothers was in bankruptcy at the time this lawsuit was filed, it is disregarded for purposes of determining whether diversity jurisdiction

exists. *See, e.g.*, *Hearst Magazines v. Stephen L. Geller, Inc.*, No. 08 Civ. 11312, 2009 WL 812039, at *3 (S.D.N.Y. Mar. 25, 2009) (the "plaintiff commenced this action after the bankruptcy petition was filed and the stay was in effect, so as against [the bankrupt defendant], it was invalid from inception"); *id.* ("[d]isregarding [the bankrupt defendant]'s citizenship, there is no dispute over diversity of citizenship and its existence under 28 U.S.C. 1332 appears from the complaint"); *Myers v. Alliance for Affordable Servs.*, 318 F. Supp. 2d 1055, 1056-57 (D. Colo. 2004) (since "Plaintiffs did not seek relief from Kochan's bankruptcy stay before filing their claims," the "fact that he is a Colorado citizen does not divest this Court of diversity jurisdiction because Kochan is and has never been a valid Defendant"); *Lampe v. Xouth, Inc.*, Civ. A. No. 90-4067, 1991 WL 29072, at *1 (E.D. Pa. Feb. 27, 1991) (finding subject matter jurisdiction where action against non-diverse defendant Xouth was "barred by the automatic stay" and "Xouth will consequently be dismissed from this action"). Moreover, even if Garber Brothers could be considered for purposes of evaluating the existence of diversity jurisdiction, on July 29, 2019, the Superior Court granted Plaintiff's motion to voluntarily dismiss her claims against Garber Brothers with prejudice.[1] In her motion to dismiss, Plaintiff alleged that "shortly after serving Garber Brothers, counsel learned that the company had filed for bankruptcy. Garber Brothers never answered the Complaint as the case against it outside of the bankruptcy proceedings was stayed." Pl.'s Mot. to Dismiss Li'l Peach of Mass., Inc., & Garber Bros., Inc. at ¶ 3 (July 28, 2019) (**Ex. D**). Plaintiff also conceded that Garber Bothers "has not participated in this matter at any time. Neither Plaintiff nor Philip Morris has been able to ascertain what role, if any, Garber Brothers played in any of the events alleged in

---

[1]     PM USA does not yet have the transcript from the July 29, 2019 hearing in which the Superior Court granted Plaintiff's motion to dismiss her claims against Garber Brothers with prejudice, but is prepared to provide this Court with a copy of that transcript (and any written order relating to this dismissal) as soon as it is available.

the Complaint." *Id.* at ¶ 9.  Notably, before dismissing her claims against Garber Brothers, Plaintiff conducted no discovery or otherwise took any steps to prosecute her claims against this defendant. *See id.* at ¶ 6 (Plaintiff explaining that "[g]iven the stay in place, the parties were unable to conduct any discovery with Garber Brothers.").

7.     Plaintiff alleges in her complaint that Defendant Li'l Peach of Massachusetts, Inc. ("Li'l Peach") "is a Massachusetts corporation with a principal place of business in North Billerica, Massachusetts."  1st. Am. Compl. ¶ 17 (**Ex. B**).  Plaintiff also alleges that Li'l Peach was a retailer that sold cigarettes manufactured by PM USA to Mr. Laramie that "were defective and unreasonably dangerous." *Id.* ¶¶ 10, 28.  On July 28, 2019, Plaintiff filed a motion to dismiss in which she informed the Superior Court that "Plaintiff made the decision not to go forward with claims against Li'l Peach" because "at the time of service, Li'l Peach of Massachusetts was no longer a viable company."  Pl.'s Mot. to Dismiss Li'l Peach of Mass., Inc., & Garber Bros., Inc. at ¶¶ 4-5 (July 28, 2019) (**Ex. D**).  On July 29, 2019, the Superior Court granted Plaintiff's motion to voluntarily dismiss her claims against Li'l Peach with prejudice.[2]  Before dismissing her claims against Li'l Peach, Plaintiff conducted no discovery or otherwise took any steps to prosecute her claims against this defendant.

8.     Because Plaintiff voluntarily dismissed with prejudice her claims against the only non-diverse defendant (Li'l Peach) that can be considered for the purposes of evaluating diversity jurisdiction, complete diversity now exists and this Court now has original jurisdiction over this action.  Moreover, even if the Court can consider the citizenship of Garber Brothers for purposes

---

[2]     PM USA does not yet have the transcript from the July 29, 2019 hearing in which the Superior Court granted Plaintiff's motion to dismiss her claims against Li'l Peach with prejudice, but is prepared to provide this Court with a copy of that transcript (and any written order relating to this dismissal) as soon as it is available.

of diversity jurisdiction (which it should not for the reasons discussed above), Plaintiff has also voluntarily dismissed her claims against this defendant with prejudice.

## II.  NOTICE OF REMOVAL IS TIMELY

9.      Pursuant to 28 U.S.C. § 1446, "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*."  28 U.S.C. § 1446(b)(3) (emphasis added).   Under the 2011 amendments to 28 U.S.C. § 1446, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*"  28 U.S.C. § 1446(c)(1) (emphasis added).

10.     This Notice of Removal is timely filed under 28 U.S.C. § 1446 because it was filed within 30 days of the Plaintiff's voluntary dismissal with prejudice of her claims against non-diverse Defendant Li'l Peach (and, to the extent it is relevant, her voluntary dismissal with prejudice of any claims against Defendant Garber Brothers).   Moreover, the one-year time limitation on removal does not apply because Plaintiff "has acted in bad faith in order to prevent a defendant from removing the action."   28 U.S.C. § 1446(c)(1).   Plaintiff's bad faith can be ascertained from, among other things:

a.      Plaintiff concedes that "at the time of service, Li'l Peach of Massachusetts was no longer a viable company having merged into another corporation," Pl.'s Mot. to Dismiss Li'l Peach of Mass., Inc., & Garber Bros., Inc. at ¶ 4 (July 28, 2019) (**Ex. D**).

b.      Plaintiff likewise concedes that "shortly after serving Garber Brothers, counsel learned that the company had filed for bankruptcy.  Garber Brothers never answered the Complaint as the case against it outside of the bankruptcy proceedings was stayed." *Id.* at ¶ 3.

   c.     Plaintiff also acknowledges that Garber Brothers "has not participated in this matter at any time" and that she "has been able to ascertain what role, if any, Garber Brothers played in any of the events alleged in the Complaint." *Id.* at ¶ 9.

   d.     In sum, Plaintiff took no steps to prosecute her claims against Li'l Peach (or Garber Brothers), never sought discovery from these Defendants, and never attempted to resolve her claims against Li'l Peach – who she now concedes was not even "a viable company" at the time she sued it. *Id.* at ¶ 4. Similarly, Plaintiff's claims against Garber Brothers were stayed at the time of filing by the bankruptcy court's automatic stay and she also never took any steps to pursue claims against this defendant. *See id.* at ¶¶ 6, 9.

   e.     Despite her knowledge that her claims against Li'l Peach and Garber Brothers were not viable, Plaintiff waited to "ma[k]e the decision not to go forward with claims against Li'l Peach," *id.* at ¶ 5, until after the one year deadline to remove had passed and after two days of jury selection.

   11.    For these reasons, the Court should conclude that Plaintiff "has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1); *see also, e.g.*, *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1262-63 (D.N.M. 2014) ("[T]he Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera."); *id.* ("Failure to actively litigate against the removal spoiler will be deemed bad faith."). PM USA's Notice of Removal is therefore timely filed under 28 U.S.C. § 1446.

## III.  DIVERSITY JURISDICTION EXISTS

   12.    This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed pursuant to 28 U.S.C. § 1441.

   13.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

   14.    This action involves a controversy between citizens of different states, as Plaintiff is a citizen of the Commonwealth of Massachusetts (and Decedent Fred Laramie was also a citizen of the Commonwealth of Massachusetts), and the only remaining defendant – PM USA – is a

citizen of the Commonwealth of Virginia.

### A.     The Amount in Controversy Requirement is Satisfied.

15.     The amount in controversy exceeds $75,000, exclusive of interest and costs.  This civil action for wrongful death arises from Decedent's death from lung cancer, and Plaintiff (the surviving spouse) seeks substantial damages that far exceed the jurisdictional threshold.  In her operative complaint, Plaintiff alleges that Decedent Fred Laramie smoked cigarettes manufactured by PM USA, and as a result developed lung cancer and died.  1st Am. Compl. ¶¶ 10, 13-14, 28, 122-24, 129.  She asserts claims for breach of implied warranty and negligence, and seeks significant compensatory and punitive damages under the Wrongful Death statute.  *See* Mass. G. L. c. 229, § 2.

16.     Although Plaintiff's operative complaint contains no *ad damnum* clause, it is clear from the face of this complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Moreover, Plaintiff's Civil Cover Sheet indicates that this is "a complex litigation matter involving ***significant damages***."  Civil Action Cover Sheet, *Laramie v. v. Philip Morris USA Inc.*, *et al.* (Mass. Super. Ct., Suffolk Cnty. July 14, 2017) (emphasis added) (**Ex. E**).

17.     Furthermore, in the most recent smoking-and-health wrongful death case tried to verdict in the Commonwealth (on May 31, 2019), the jury awarded the plaintiff $4,314,233.00 in compensatory damages and $11,275,000 in punitive damages.  *See* Verdict Slip at 5-6, *Coyne v. R.J. Reynolds Tobacco Co.*, No. 2016-266 (Mass. Super. Ct. May 30, 2019); Phase 2 Verdict Slip, *Coyne*, No. 2016-266 (Mass. Super. Ct. May 31, 2019) (collectively **Ex. F**).  Although PM USA asserts that Plaintiff cannot prove her claims and should not recover any damages in this matter, it is certain, in light of the nature of Plaintiff's claims and the damages sought in similar cases, that she seeks to recover damages in excess of the jurisdictional limit from PM USA.

**B.      The Diversity of Citizenship Requirement is Satisfied.**

18.      Plaintiff (and Mr. Laramie before his death) are citizens of the Commonwealth of Massachusetts.  *See* 1st Am. Compl. ¶ 12.

19.      Although Garber Brothers is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Massachusetts, *see id.* at ¶ 18, it was in Chapter 11 bankruptcy at the time this action was filed and its citizenship should be disregarded for purposes of diversity jurisdiction.  *See supra* ¶ 6.  Moreover, Plaintiff voluntarily dismissed with prejudice her claims against Garber Brothers with prejudice on July 29, 2019. Thus, even assuming Garber Brothers could be considered for purposes of evaluating diversity jurisdiction (and it cannot for the reasons set forth above), Plaintiff voluntarily dismissed her claims against this Defendant and it is no longer a party to this action and is not considered for purposes determining whether diversity jurisdiction exists.

20.      As explained above, Plaintiff voluntarily dismissed with prejudice her claims against Li'l Peach, the only non-diverse defendant, on July 29, 2019.  *See supra* ¶ 7.

21.      The sole remaining defendant – PM USA – was at the time of Plaintiff's filing and remains today a corporation organized under the laws of the Commonwealth of Virginia, *see* 1st Am. Compl. ¶ 16; *see also supra* ¶ 5, with its principal place of business located in the Commonwealth of Virginia.

22.      Accordingly, there is complete diversity of citizenship, because Plaintiff is a citizen of the Commonwealth of Massachusetts and PM USA is a citizen of the Commonwealth of Virginia.  Removal is therefore proper.  *See* 28 U.S.C. §§ 1332(a), 1441(a).

## IV.  REMOVAL TO THIS DISTRICT COURT IS PROPER

23.      This Notice of Removal is properly filed in this District Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court of Suffolk County is within the United States

District Court for the District of Massachusetts, Eastern Division. *See* D. Mass. L.R. 40.1(c) ("The Eastern Division of the District of Massachusetts comprises the counties of Barnstable, Bristol, Dukes, Essex, Middlesex, Nantucket, Norfolk, Plymouth, and Suffolk. Cases assigned to the Eastern Division and all pleadings and documents therein shall be filed in the clerk's office in Boston.").

24.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the state court are attached as **Ex. G**.

25.     Pursuant to Local Rule 81.1, PM USA will file in this Court certified or attested copies of all records and proceedings in the state court action, as well as a certified or attested copy of all docket entries therein, within 28 days of the filing of this Notice of Removal. *See* D. Mass. L.R. 81.1(a) ("Within 28 days after filing a notice for removal of an action from a state court to this court pursuant to 28 U.S.C. § 1446, the party filing the notice shall file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.").

26.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), PM USA is the sole remaining Defendant in this action and consents to removal.

27.     Pursuant to 28 U.S.C. § 1446(d), PM USA will promptly provide written notice of the filing of this Notice of Removal to Plaintiff's counsel and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Suffolk County, where this action is currently pending.

28.     PM USA reserves the right to amend or supplement this Notice of Removal.

29.     PM USA hereby demands a jury trial as to all claims triable in this action.

WHEREFORE, PM USA respectfully removes this action from the Superior Court, Suffolk County, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: July 29, 2019

Respectfully Submitted,

PHILIP MORRIS USA INC.

By its attorneys,

/s/ William J. Trach
William J. Trach (BBO # 661401)
william.trach@lw.com
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA  02116
T: 617-948-6000

William P. Geraghty (*Pro Hac Vice to be requested*)
SHBMass@shb.com
wgeraghty@shb.com
SHOOK, HARDY & BACON L.L.P.
201 S. Biscayne Boulevard, Suite 3200
Miami, FL  33131
T: 305-358-5171
F: 305-358-7470

Stephanie S. Sankar (*Pro Hac Vice to be requested*)
SHBMass@shb.com
ssankar@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
T: 816-474-6550
F: 816-421-5547

Laura Whitmore (*Pro Hac Vice to be requested*)
SHBMass@shb.com
lwhitmore@shb.com
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, FL 33602
T: 813-202-7100
F: 813-221-8837

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of this document was served by electronic mail and first class mail on July 29, 2019 upon the following counsel of record for Plaintiff:

Paula S. Bliss, Esq.
Walter Kelley, Esq.
Bernheim Dolinsky Kelley, LLC
4 Court Street
Plymouth, MA  02360
T:  617-420-0728

Thomas R. Murphy, Esq.
Law Offices of Thomas R. Murphy, LLC
133 Washington Street, 2nd Floor
Salem, MA  01970
T:  978-740-5575

Kevin James Powers, Esq.
Law Offices of Kevin J. Powers
P.O. Box 1212
Mansfield, MA  02048
T:  508-216-0268


 /s/ William J. Trach
William J. Trach